IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:17-CV-190-GCM

| | |
|---|---|
| SPENCER KREBS, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLOTTE SCHOOL OF LAW, LLC, | ) |
| a North Carolina company, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPLY IN SUPPORT OF
## GOVERNMENT DEFENDANT'S PARTIAL MOTION TO DISMISS[1]

Count IX of Plaintiffs' Second Amended Complaint must be dismissed under Rule

12(b)(1) for failure to establish subject-matter jurisdiction because Plaintiffs lack standing and,

even if they had established standing, Plaintiffs have failed to allege an applicable waiver of

sovereign immunity that allows them to raise this claim against the United States Department of

Education ("Education" or "Government").

**I.      PLAINTIFFS LACK STANDING BECAUSE THEY HAVE NOT ASSERTED A
         CONCRETE AND PARTICULARIZED INJURY TRACEABLE TO A
         CHALLENGED GOVERNMENT ACTION**

Count IX of Plaintiffs' Second Amended Complaint raises a generalized claim requesting

a declaratory judgment requiring Education to discharge Plaintiffs' Direct Loan debt and refund

past payments without alleging any facts to show an injury that is traceable to a challenged

---

[1] Plaintiffs filed a combined opposition to the Government's and the CSL defendants' motions to dismiss Count IX of Plaintiffs' Second Amended Complaint.  The Government's reply only addresses the grounds for dismissal raised in the Government Defendant's Partial Motion to Dismiss, ECF No. 67.

Case 3:17-cv-00190-GCM   Document 85   Filed 06/14/17   Page 1 of 13

action by Education.  There is no live "case" or "controversy" here with respect to Education that the Court may resolve.  *See* U.S. Const., art. III, § 2; *Allen v. Wright*, 468 U.S. 737, 750 (1984) ("Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'").  This limitation "is founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  The doctrine of standing is an essential aspect of this case-or-controversy requirement, and in order to establish standing for their claim against Education, Plaintiffs must allege (1) they have suffered an actual or imminent, concrete and particularized injury, (2) that is fairly traceable to an action by Education that they are challenging, and (3) that is likely to be redressed by the declaratory relief Plaintiffs have requested.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

The only action by Education cited in Plaintiffs' Second Amended Complaint is Education's December 19, 2016, letter to Charlotte School of Law ("CSL") denying CSL's recertification application to participate in federal student financial assistance programs authorized pursuant to Title IV of the HEA ("December 19 Letter").  Second Am. Compl. ¶ 15, ECF No. 55-1 ("Compl.") (citing Compl. Ex. B, ECF No. 9-2).  Plaintiffs do not challenge that decision.  Instead, Plaintiffs rely on that decision for their various breach of contract, breach of the covenant of good faith and fair dealing, fraud and constructive fraud, negligent misrepresentation, unjust enrichment, unconscionability, breach of fiduciary duties, and violation of the North Carolina Unfair and Deceptive Trade Practice Act claims against CSL, arguing that Education found that CSL had substantially misrepresented the nature of its educational program.  Compl. ¶¶ 75-78, 81-84.

Even if Plaintiffs were challenging the decision discussed in Education's December 19 Letter, Plaintiffs' only alleged injury that could be traceable that decision is that "current students at CSL who were previously eligible for federal student loans to pay all or some of the cost of attending CSL were and are currently no longer eligible for DOE financial aid or assistance" to attend CSL. Pls.' Combined Mem. in Opp'n to Defs.' Mot. to Dismiss at 3, ECF No. 80 ("Pls.' Opp'n MTD"); *see also* Compl. ¶ 15. The declaratory relief requested in Count IX, however, would not redress this injury; Plaintiffs request a declaratory judgment "that CSL's fraud is a defense to the repayment of the student loans issued by [Education] to Plaintiffs and the class, that the loans should be discharged, and th[at] any payments made by them are due to be refunded." Compl. ¶ 123. The inability of current CSL students to obtain future federal student loans to attend CSL is not redressable by the declaratory relief Plaintiffs request in Count IX of the Second Amended Complaint. "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998).

The only possible action by Education that Plaintiffs could conceivably challenge and that could constitute an injury that could be redressed by the declaratory relief Plaintiffs have requested—a final decision by Education to not discharge Plaintiffs' Direct Loan debt and refund any payments already made—has not occurred.[2] *See* Mem. in Supp. of Gov't Def.'s Partial Mot.

---

[2] Plaintiffs argue they should not be required to exhaust their administrative remedies. Pls.' Opp'n MTD at 9-12. Although completing the administrative application process for federal student loan forgiveness and receiving a final agency decision on that application is one way for Plaintiffs to receive a Direct Loan discharge and refund decision from Education, *see* 34 C.F.R. § 685.206(c)(1); Federal Student Aid, An Office of the United States Department of Education, *Borrower Defense to Repayment*, https://studentaid.ed.gov/borrower-defense, failure to exhaust administrative remedies is a distinct grounds for dismissal from whether Plaintiffs have alleged a live case or controversy against Education.

to Dismiss at 8-10, ECF No. 67-1 ("Gov't Def.'s MTD").  Plaintiffs do not allege that they have

even attempted to apply for federal student loan forgiveness based on a borrower defense

through Education's administrative process.  As such, Education has not had the opportunity to

review Plaintiffs' applications and reach a decision.  Plaintiffs express concern that Education's

review of their applications for borrower defenses—once those applications are filed—will not

be completed "until some indeterminate time" and may be "inconsistent," Pls.' Opp'n MTD at

10-11, 16, but such hypothetical future grievances cannot provide Plaintiffs with standing here or

make any claim against Education ripe for review.[3]

The cases Plaintiffs rely upon do not provide otherwise.  *See* Pls.' Opp'n MTD at 15.

The Fourth Circuit in *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1988), did

not consider whether plaintiffs had a live case or controversy under Article III but whether

plaintiffs' claim for declaratory judgment in federal court should be stayed pending a parallel

action in state court.  Plaintiffs' claim for declaratory relief must "present[] a controversy that

qualifies as an actual controversy under Article III of the Constitution" before this Court has

jurisdiction over their claim.  *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d

581, 592-93 (4th Cir. 2004) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).

Only then may the Court determine whether it should exercise its discretion to entertain a

declaratory judgment claim.  *Volvo*, 386 F.3d at 592, 594; *see also id*. at 594 (citing *United

Capitol Ins.*, 155 F.3d at 493).

---

[3] Without a final agency action to challenge, Count IX also runs afoul of the ripeness doctrine,
which "prevent[s] the courts, through avoidance of premature adjudication, from entangling
themselves in abstract disagreements over administrative policies, and . . . protect[s] the agencies
from judicial interference until an administrative decision has been formalized and its effects felt
in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49
(1967).

Plaintiffs also cite the Supreme Court's decision in *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118 (2007), which considered whether a plaintiff's self-avoidance of imminent injury was coerced by the threatened enforcement action of a private party sufficient to provide Article III jurisdiction over a Declaratory Judgment Act claim. *Id*. at 130-137. The *MedImmune* Court did summarize the Supreme Court's jurisprudence regarding threatened enforcement action by the government and noted that a plaintiff is not required "to expose himself to liability before bringing suit to challenge the basis for the threat—for example, the constitutionality of a law threatened to be enforced." *Id*. at 128-29. Thus, a "plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction." *Id*. at 129 (citing *Steffel v. Thompson*, 415 U.S. 452, (1974); *Terrace v. Thompson*, 263 U.S. 197 (1923); *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365 (1926); *Ex parte Young*, 209 U.S. 123 (1908)). This is because the plaintiff's "threat-eliminating behavior was effectively coerced" and the Declaratory Judgment Act was designed to ameliorate the "dilemma posed by that coercion," where a plaintiff must choose "between abandoning his rights or risking prosecution." *Id*. (citing *Abbott Labs.*, 387 U.S. at 152).

But Plaintiffs here do not bring a claim challenging any identified threat of government prosecution against them, nor could they. They do not point to any rights they have abandoned or any imminent threat of liability that has been forestalled by an abandonment of their rights. Plaintiffs assert that they "risk being subject to tax refund offset proceedings; wage garnishment proceedings; salary offset proceedings; and/or consumer reporting agency report proceedings," Pls.' Opp'n MTD at 11, 16, but they do not allege they are under imminent threat of any of these proceedings. Moreover, these are precisely the types of administrative Direct Loan collection proceedings set forth in the regulations where a borrower may assert defenses against repayment.

5

*See* 34 C.F.R. § 685.206(c)(1)(i)-(iv).  Just as Plaintiffs do not allege that Education has denied

any of their applications for federal student loan forgiveness based on a borrower defense,

Plaintiffs do not allege that Education has denied any of their attempts to raise a borrower

defense in an administrative Direct Loan collection proceeding.

Because Plaintiffs have failed to show that, as to the government defendant, "there is a

substantial controversy, between parties having adverse legal interests, of sufficient immediacy

and reality to warrant the issuance of a declaratory judgment," any decision from the Court on

this claim would be an improper advisory opinion on an abstract question.  *Maryland Cas. Co. v.*

*Pacific Co.*, 312 U.S. 270, 273 (1941); *see also Hall v. Beals*, 396 U.S. 45, 48 ("The case [is not]

a present, live controversy of the kind that must exist if we are to avoid advisory opinions on

abstract propositions of law.").  The Court should dismiss Count IX of Plaintiffs' Second

Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## II.      PLAINTIFFS HAVE ALLEGED NO APPLICABLE WAIVER OF THE GOVERNMENT'S SOVEREIGN IMMUNITY OR IDENTIFIED ANY CAUSE OF ACTION AGAINST THE GOVERNMENT DEFENDANT

The Court lacks subject-matter jurisdiction for the additional reason that Plaintiffs'

Second Amended Complaint does not set forth a waiver of sovereign immunity that permits

Count IX of Plaintiffs' Second Amended Complaint to go forward against Education.  Count IX

seeks declaratory relief, but the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, does not

waive sovereign immunity or provide an independent cause of action.  *See* Gov't Def.'s MTD at

10.  In their complaint, Plaintiffs assert that this Court has subject matter jurisdiction over

Education pursuant to 28 U.S.C. § 1331 "as the underlying student loans issued by [Education]

are governed by Federal Law," Compl. ¶ 26, but § 1331 does not provide a source of jurisdiction

which is independent of substantive federal law.  *See* Gov't Def.'s MTD at 10-11.

In Plaintiffs' opposition to Education's motion to dismiss, Plaintiffs now rely upon the

Higher Education Act ("HEA"), as a waiver of sovereign immunity for its claims against

Education.[4]  Pls.' Opp'n MTD at 12-14 (citing 20 U.S.C. § 1082(a)(2)).  Plaintiffs' Second

Amended Complaint does not cite the HEA in its claim against Education.  *See* Compl. ¶¶ 26,

119-23.

Even if Plaintiffs' Second Amended Complaint is construed as relying upon the HEA's

waiver of sovereign immunity for its claim against Education, however, the anti-injunction

provision of that section would preclude the relief requested in Count IX of Plaintiffs' Second

Amended Complaint.  *See* 20 U.S.C. § 1082(a)(2) (providing that Education may "sue or be

sued", unless those claims request "attachment, injunction, garnishment, or other similar

process").  The relief Plaintiffs request would produce the same effect as an injunction—

compelling the Secretary of Education to discharge Plaintiffs' Direct Loan debts and refund any

payments Plaintiffs have already made.  *See* Am. Compl. ¶ 123.  Although actions for

declaratory relief against Education are not automatically barred by the anti-injunction provision

of  § 1082(a)(2), *see Am. Ass'n of Cosmetology Schs. v. Riley*, 170 F.3d 1250, 1254 n.2 (9th Cir.

1999) (collecting cases allowing claims for declaratory relief against Education); Pls.' Opp'n

MTD at 12-13 (collecting the same cases), "it seems obvious that the anti-injunction bar cannot

be skirted by the simple expedient of labeling an action that really seeks injunctive relief as an

action for 'declaratory relief.'"  *Riley*, 170 F.3d at 1254; *see also Mashiri v. Dep't of Educ.*, 724

F.3d 1028, 1031 (9th Cir. 2013) (finding § 1082(a)(2)'s anti-injunction clause precluded relying

---

[4] Plaintiffs have moved to substitute Secretary DeVos in her official capacity for the U.S. Department of Education as the government defendant in this case.  *See* Pls.' Opp'n MTD at 12; Pls.' Mot. to Substitute Party, ECF No. 79.  This reply will continue to refer to both the Secretary and the Department of Education interchangeably as "Education."

on the HEA for jurisdiction over a mandamus petition seeking to compel Education to issue a

student loan under the FFEL Program); *Green v. United States*, 163 F. Supp. 2d 593, 597

(W.D.N.C. 2000) (claims seeking injunctive and declaratory relief that would bar Education

from collecting past-due payments on plaintiff's student loan account were barred by

§ 1082(a)(2)'s anti-injunction clause); *Bartels v. Ala. Commercial Coll., Inc.*, 918 F. Supp. 1565,

1574 (S.D. Ga. 1996), *rev'd in part on other grounds*, 189 F.3d 483 (11th Cir. 1999) (claims

seeking declaratory relief were barred by § 1082(a)(2)'s anti-injunction clause because "it [wa]s

apparent from [p]laintiffs' complaints and briefs that [p]laintiffs only s[ought] to enjoin the

Secretary from collecting on their student loans"); *cf. DiNello v. U.S. Dep't of Educ.,* No.

06-2763, 2006 WL 3783010, at \*4 (N.D. Ill. Dec. 21, 2006) (claim seeking declaratory judgment

that plaintiff's loans were paid in full was not "coercive in nature or otherwise similar to

injunctive relief" and thus was not barred by § 1082(a)(2)'s anti-injunction clause because it

"d[id] not require that [Education] return any funds that ha[d] previously been paid").

Here, as in *Riley*, the relief requested is "plainly coercive" in that Plaintiffs seek a broad

declaration in an attempt to circumvent the Secretary's administrative determination process.

*Riley*, 170 F.3d at 1254 & n.4.[5]  Although Plaintiffs assert that Education has already found CSL

substantially misrepresented the nature of its educational program, *see* Compl. ¶ 121 (citing

Compl. Ex. B, ECF No. 9-2), Education has not determined whether there was an act or omission

by CSL that would give rise to a cause of action against the school under applicable State law as

---

[5] In addition, the *Riley* Court noted that, "[t]o the extent that [plaintiff] seeks to restrain the administrative appeal process as a whole, the relief sought—even assuming it is declaratory and not coercive—is practically and prudentially inappropriate without a record of what the Secretary has done in individual appeals."  *Id*. at 1255-56.  The *Riley* Court found that it would be impractical to determine which schools were injured without a complete administrative record to review, and the plaintiff in *Riley*—like Plaintiffs here—"ha[d] not participated in any administrative process."  *Id*. at 1255.

required by 34 C.F.R. § 685.206(c)(1).  Education would need to make such a determination in order for the Secretary to discharge Plaintiffs' Direct Loan debts and afford any further relief such as reimbursements of amounts paid pursuant to 34 C.F.R. § 685.206(c)(2).  Plaintiffs request much more than a determination that Plaintiffs "are eligible to have the[ir] student loans" discharged, Pls.' Opp'n MTD at 2; Count IX of Plaintiffs' Second Amended Complaint requests a declaratory judgment "that CSL's fraud is a defense to the repayment of the student loans issued by [Education] to Plaintiffs and the class, that the loans should be discharged, and th[at] any payments made by them are due to be refunded."  Compl. ¶ 123.  Such declaratory relief would have the same coercive effect on the Secretary as an injunction, compelling discharge of Plaintiffs' Direct Loan debts and refund of past amounts paid pursuant to the borrower defense regulations without the Secretary's administrative determination of Plaintiffs' eligibility for such a defense.  The anti-injunction provision of the HEA's waiver of sovereign immunity in § 1082(a)(2) therefore bars the HEA from serving as a waiver of sovereign immunity for this claim.

Plaintiffs do not allege a cause of action under the Administrative Procedure Act ("APA"), which waives sovereign immunity for certain claims challenging the actions of federal agencies and their officers and employees.  5 U.S.C. § 702.  Nor could they, because as noted above, the only possible action by Education that Plaintiffs could conceivably challenge and that could constitute an injury that could be redressed by the declaratory relief Plaintiffs seek in Count IX—a final decision by Education to not discharge Plaintiffs' Direct Loan debt and refund any payments already made—has not occurred.  *See Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992); *Invention Submission Corp. v. Rogan*, 357 F.3d 452, 460 (4th Cir. 2004) ("Because the conduct of the [agency] that is the subject of this action did not constitute 'final agency

action' as used under the APA, the district court did not have subject matter jurisdiction to evaluate the complaint under Rule 12(b)(6) and should have dismissed this case under Rule 12(b)(1).").

Plaintiffs have failed to allege a waiver of sovereign immunity that permits Count IX to proceed against Education.  As a result, Count IX of Plaintiffs' Second Amended Complaint seeking declaratory relief should be dismissed.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Government Defendant's Partial Motion to Dismiss, ECF No. 67, this Court should dismiss Count IX of Plaintiffs' Second Amended Complaint—the only count purporting to raise a claim against the Government— pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction.

DATED:  June 14, 2017                          Respectfully submitted,

JILL WESTMORELAND ROSE                         CHAD A. READLER
United States Attorney                          Acting Assistant Attorney General

KATHERINE T. ARMSTRONG                         SHEILA M. LIEBER
Assistant United States Attorney                Deputy Director
N.C. Bar No. 36305
227 West Trade Street, Suite 1650              s/ Elizabeth L. Kade
Charlotte, NC 28202                            ELIZABETH L. KADE
Tel: 704-344-6222                              Trial Counsel
Fax: 704-344-6629                              D.C. Bar No. 1009679
E-Mail: Katherine.Armstrong@usdoj.gov          U.S. Department of Justice
                                               Civil Division, Federal Programs Branch
                                               20 Massachusetts Avenue, N.W.
                                               Washington, D.C.  20530
                                               Tel: (202) 616-8491
                                               Fax: (202) 616-8470
                                               E-Mail: Elizabeth.L.Kade@usdoj.gov

                                               *Counsel for Defendant*
                                               *U.S. Department of Education*

<u>**CERTIFICATE OF SERVICE**</u>

        I CERTIFY that on the 14th day of June, 2017, the foregoing REPLY IN SUPPORT OF GOVERNMENT DEFENDANT'S PARTIAL MOTION TO DISMISS was electronically filed with the Clerk of the Court using the CM/ECF system and served by that system upon:

Anthony J. Majestro
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
amajestro@powellmajestro.com
*Attorneys for Plaintiffs*

Douglas B. Abrams
Noah Abrams
**ABRAMS & ABRAMS, P.A.**
1526 Glenwood Avenue
Raleigh, NC 27608
dabrams@abramslawfirm.com;
nabrams@abramslawfirm.com
*Attorneys for Plaintiffs*

Timothy C. Bailey
Taylor M. Norman
**BAILEY JAVINS & CARTER, LC**
213 Hale Street
Charleston, WV 25301
tbailey@bjc4u.com; tnorman@bjc4u.com
*Attorneys for Plaintiffs*

Debbie W. Harden
Sarah Motley Stone
**WOMBLE, CARLYLE, SANDRIDGE & RICE, PLLC**
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, NC 28202
dharden@wcsr.com; smotley@wcsr.com
*Attorneys for Defendants Charlotte School of Law,*
*InfiLaw Corporation, Jay Conison, Chidi Ogene, and Don Lively*

Johnny M. Loper
Rebecca C. Fleishman
**WOMBLE, CARLYLE, SANDRIDGE & RICE, PLLC**
555 Fayetteville Street, Suite 1100
PO Box 831
Raleigh, North Carolina 27601

jloper@wcsr.com; rfleishman@wcsr.com
*Attorneys for Defendants Charlotte School of Law,*
*InfiLaw Corporation, Jay Conison, Chidi Ogene, and Don Lively*

Michael Hays
David Mills
**COOLEY LLP**
1299 Pennsylvania Avenue, N.W., Suite 700
Washington, DC 20004
mhays@cooley.com; dmills@cooley.com
*Attorneys for Defendants Charlotte School of Law,*
*InfiLaw Corporation, Jay Conison, Chidi Ogene, and Don Lively*

Adam K. Doerr
Robert E. Harrington
**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
adoerr@robinsonbradshaw.com;
rharrington@robinsonbradshaw.com
*Attorneys for Defendants Sterling Capital Partners, L.P. and*
*Sterling Capital Partners GMBH & CO. KG*

*s/ Elizabeth L. Kade*
ELIZABETH L. KADE
Trial Counsel
D.C. Bar No. 1009679
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 616-8491
Fax: (202) 616-8470
E-Mail: Elizabeth.L.Kade@usdoj.gov

*Counsel for Defendant U.S. Department of Education*